FILED
2011 JAN 27 AM 8:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LUNDY,<br><br>  Plaintiff,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT-EAST COUNTY DIVISION & COLMENEROS,<br><br>  Defendants. | Case No. 11-CV-110 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Docket Nos. 2 & 3] |

Plaintiff Robert Lundy is proceeding *pro se*. On January 19, 2011, Plaintiff filed a complaint ("Complaint") alleging violations of his "Parental Rights, Civil Rights/liberties, and Constitutional Rights." (Dkt. No. 1.) Plaintiff also filed motions to proceed *in forma pauperis* and to appoint counsel. (Dkt. Nos. 2 & 3.) For the reasons set forth below, the Motion to Proceed *In Forma Pauperis* is **GRANTED**, the Motion to Appoint Counsel is **DENIED**, and the Complaint is **DISMISSED** with leave to amend.

## BACKGROUND

According to the Civil Cover Sheet, this action arises, in part, under the Civil Rights Act, 42 U.S.C. § 1983 ("the Act"). While the Complaint does not cite the Act, specifically, it nevertheless alleges that Defendants violated Plaintiff's civil rights by racially discriminating

against him, allowing and/or engaging in violations of court orders, and depriving Plaintiff of custody of his daughter. (Compl. at 1–2.) Plaintiff seeks to enjoin the enforcement of any orders issued by the San Diego Superior Court (*id.* at 2) and also seeks monetary damages in the amount of $750,000. Civil Cover Sheet (Dkt. No. 1).

The Court notes that Plaintiff filed a similar lawsuit in June 2008, titled *Lundy v. Colmenero*, No. 08-CV-1153 (S.D. Cal. filed Jun. 27, 2008), which was dismissed *sua sponte* by Judge Jeffrey T. Miller of this Court. Now, over two years later, Plaintiff apparently seeks to reassert his claims.

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Effective April 9, 2006, all parties instituting any civil action, suit, or proceeding in a federal district court[1] must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). If a party fails to prepay the entire fee, the action may proceed only if he or she is granted *in forma pauperis* ("IFP") status, pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To obtain IFP status, the moving party must submit an affidavit showing that the filing fee is unaffordable. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff's IFP Motion states that he has received $710 in Social Security benefits and an undisclosed amount in disability insurance benefits or workers compensation in the past twelve months. Mot. Leave Proceed *In Forma Pauperis* (Dkt. No. 2) at 2. However, Plaintiff also states that he contributes over $1,500 to support his daughter and has debt totaling more than $2,000. In light of these circumstances, the Court finds that Plaintiff cannot afford the $350 filing fee and **GRANTS** Plaintiff's IFP Motion.

### II. *Sua Sponte* Screening and Dismissal

The Court is required to conduct a *sua sponte* screening of all complaints filed by persons proceeding IFP. *See* 28 U.S.C. § 1915(e)(2). Under such a screening, the Court must dismiss an IFP complaint, or any portion thereof, that: (1) is frivolous or malicious; (2) fails to state a claim; or (2) seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun*

---

[1] The exception, for *habeas corpus* writ applicants, is not applicable, here.

*v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" district courts to dismiss, *sua sponte*, an IFP complaint that fails to state a claim).

An action is frivolous if it "lacks an arguable basis ... in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). Additionally, the Court has a duty to construe a *pro se* litigant's pleadings liberally, *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), "particularly ... in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a *pro se* civil rights complaint, however, the Court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### a.   42 U.S.C. § 1983

Plaintiff does not identify the section of the Civil Rights Act of 1964 that applies to his claims.  After reviewing Plaintiff's allegations, however, the Court finds it most likely that Plaintiff intended to state a claim under 42 U.S.C. § 1983 ("Section 1983") and, therefore, conducts its *sua sponte* screening thereunder.

To state a claim under Section 1983, Plaintiff must sufficiently allege that: (1) the misconduct occurred under color of state law and (2) the misconduct deprived Plaintiff of a constitutional or a federal statutory right.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

Here, the Complaint lacks any allegation that the Colmeneros acted under color of state law.  Indeed, assuming the Colmeneros are the foster parents of Plaintiff's daughter, it is unlikely that Plaintiff could make such an allegation.  *See generally Leshko v. Servis*, 423 F.3d 337, 347 (3rd Cir. 2005) (finding that foster parents are not state actors for purposes of liability under 42 U.S.C. § 1983).  Accordingly, the Court finds that Plaintiff fails to state a claim against Defendants

Colmeneros.

As to Defendant Superior Court, the Court notes that the Eleventh Amendment of the U.S. Constitution renders state entities immune from tort actions for damages. U.S. Const. amend. XI. The Eleventh Amendment also bars suits for injunctive relief where the defendant is the State, itself, as opposed to a state official. *See Seminole Tribe of Florida,* 517 U.S. 44, 58 (1996); *Cory v. White,* 457 U.S. 85, 90–91 (1982). California superior courts, like Defendant Superior Court, here, have consistently been construed as state entities for purposes of Eleventh Amendment immunity. *Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987).

Accordingly, the Court finds that Plaintiff also fails to state a claim against Defendant Superior Court. In light of this finding, the Court need not determine whether Plaintiff has sufficiently alleged a deprivation of some constitutional or federal right for purposes of Section 1983, as that issue is moot.

### b.   Federal Subject-Matter Jurisdiction

The Court also questions whether it has federal subject-matter jurisdiction over Plaintiff's claims. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under the *Rooker-Feldman* doctrine,[2] federal district courts lack jurisdiction to review "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Here, the Complaint appears to allege that Plaintiff won his child-custody battle in state court. If so, the *Rooker-Feldman* doctrine does not apply. *Id.* But, if Plaintiff is, indeed, seeking review of that state-court decision, this Court lacks the jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine. *Id.*

Even if the Court has jurisdiction, good cause may exist for this Court to abstain.

---

[2] The doctrine derives its names from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

Abstention is the federal-court practice of restraining federal authority out of a respect for the independence of state governments. *Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943). Pursuant to the doctrine articulated in the Supreme Court decision *Younger v. Harris*, 401 U.S. 37 (1971), district courts should abstain when hearing a case would interfere with pending state proceedings. *M&A Gabace v. Cmty. Redev. Agency of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005). Thus, if Plaintiff's child-custody case is still pending in state court, this Court should abstain. *Id.*

In light of the above, after conducting a *sua sponte* screening pursuant to 42 U.S.C. § 1915(e), the Court **DISMISSES** this action without prejudice. Plaintiff is granted leave to file an amended complaint that corrects the deficiencies outlined above on or by ***February 28, 2011***.

**III. Motion to Appoint Counsel**

Generally, plaintiffs in civil actions do not have a constitutional right to appointed counsel. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, courts typically appoint counsel under Section 1915(e)(1) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances turns on "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Here, Plaintiff has not demonstrated that his claims are sufficiently complex to warrant appointment of counsel, nor has he shown a likelihood of success on the merits. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**CONCLUSION**

In light of the above, the Court hereby **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* and **DENIES** Plaintiff's Motion for the Appointment of Counsel. After conducting an initial screening, the Court **DISMISSES** the action without prejudice. Plaintiff has until and

///

///

///

1 | including **February 28, 2011** to file an amended complaint that corrects the deficiencies outlined in
2 | this Order, if he chooses to do so.
3 | **IT IS SO ORDERED.**

5 | Dated:    January 26, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE