FILED
2011 FEB 25 AM 10: 43
CLERK US D...
SOUTHERN DISTRICT ...
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT F. LUNDY, | Case No. 11-CV-110 BEN (JMA) |
|---|---|
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| SAN DIEGO SUPERIOR COURT–EAST COUNTY DIVISION & COLMENEROS, | |
| Defendants. | |

For the second time in thirty days, the Court reviews, sua sponte, a pleading filed by Plaintiff Robert F. Lundy and finds it to be fatally defective. Because the Amended Complaint fails to fix the defects identified in the prior Order of Dismissal, Plaintiff's Amended Complaint is hereby **DISMISSED**, pursuant to Federal Rules of Civil Procedure Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2). Plaintiff shall have *one* final opportunity to amend his pleading to set forth a basis for federal subject-matter jurisdiction.

I.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 27, 2011, on its own motion, pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff Lundy's pro se, in forma pauperis Complaint [Doc. # 1] for failing to state a claim upon which relief can be granted. (Order of Dismissal [Doc. # 4].)

1       The Complaint constructively alleged 42 U.S.C. § 1983 violations by the California superior court and the foster parents involved in Plaintiff's daughter's state-court child-custody proceedings. (Compl. at 1 ["The Colmeneros have not followed the court orders from the onset of this case, but the court has shown judicial misconduct throughout this case."]; id. at 2 ["These are violations of my Parental Rights, Civil Rights/liberties, and Constitutional Rights; this has been done *under the color of law*."] [emphasis in original].)

      However, the Court found that Plaintiff failed to surmount the presumption of judicial immunity which shields the California superior court from both civil claims and claims for injunctive relief. (Order of Dismissal at 4.) With respect to the foster parents, the Court found that Plaintiff failed to allege that those defendants, particularly, had acted under the color of state law, a legal element critical to a § 1983 claim. (Id. at 3.) Finally, the Court questioned the propriety of federal jurisdiction where Plaintiff appeared merely to seek review of an unfavorable state-court outcome – an area generally forbidden to federal district courts. (Order of Dismissal at 4–5 [citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)].)

      Although it dismissed the Complaint, the Court gave Plaintiff more than thirty (30) days to file an amended complaint that corrected the deficiencies identified. (Order of Dismissal at 5–6.)

      Four days after the Court dismissed the original Complaint, Plaintiff filed the Amended Complaint [Doc. # 5] that is the subject of *this* Order. That subsequent pleading comprises two short paragraphs and attaches documents from a California state-court proceeding. The whole of the Amended Complaint, itself, provides:

> Due to the continual process to deprive Plaintiff of rights, both civil and constitutional[,] Plaintiff fears he cannot receive a fair hearing. Respondents continual [sic] to violate his rights under the color of law, to remove his child from his custody. Minor has been taken from his residence without his knowledge or consent.

> The Appealant [sic] Court review stated, previous superior court orders were temporary, then allowed Respondents to file another order to show cause, once they kidnapped my daughter. This has continued since 2007, even though the Respondents kept minor against Family Law codes.

(Am. Compl. at 1.) The attached documents comprise an order to show cause and a declaration which Plaintiff Lundy apparently submitted in the state-court action entitled, In re Matter of Cheryl Smith & Robert Lundy, No. ED 59506 (Cal. Super. Ct. filed Oct. 6, 2003). That action – and the attachments – ostensibly concerned a dispute between Plaintiff and Ms. Smith regarding custody of their daughter.

## II.

## STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court is presumed to lack jurisdiction unless the party asserting it – here, Plaintiff Lundy – establishes that it exists. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (9th Cir. 2000) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted); see also Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1980) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.").

A jurisdictional challenge may be either facial or factual. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).

In a facial attack, the Court presumes that a complaint's material allegations are true, draws all reasonable inferences in plaintiff's favor, and asks only whether the lack of federal jurisdiction appears from the face of the pleading itself. Wolfe, 392 F.3d at

362. In addition, the Court construes the Amended Complaint liberally because it was drafted by a pro se plaintiff. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

### III.
### DISCUSSION

Here, the Court finds that the lack of federal jurisdiction appears from the face of Plaintiff's Amended Complaint.

Despite attempts to characterize – and federalize – his claim as a "constitutional" deprivation,[1] Plaintiff Lundy is essentially seeking custody of his daughter:

> Respondents continual [sic] to violate [Plaintiff's] rights ... to remove his child from his custody. Minor has been taken from [Plaintiff's] residence without his knowledge or consent ....
>
> [T]hey kidnapped my daughter ....
>
> Respondents kept minor against family law codes.

(Am. Compl. at 1.) None of Plaintiff's factual allegations support a federal claim.

In the absence of supporting factual allegations, Plaintiff's bald and conclusory legal averments that he has been injured under federal law[2] simply are not enough to maintain a federal action. See Balistreri v. Pacifica Police Dept, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); Kennedy v. H&M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1975) ("A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions."). Consequently, the Court finds that the Amended Complaint fails to set forth a basis for federal subject-matter jurisdiction and, thus, warrants dismissal under Federal Rules of

//

---

[1] (See Am. Compl. at 1 ["Due to the continual process to deprive Plaintiff of rights, both civil and constitutional[,] Plaintiff fears he can not receive a fair hearing."].)

[2] See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

1  Civil Procedure Rule 12(h)(3).[3]

2       The Court questions whether granting Plaintiff another opportunity to amend his
3  complaint would be an exercise in futility. See, e.g., Saul v. U. S., 928 F.2d 829, 843
4  (9th Cir. 1991) ("A district court does not err in denying leave to amend where the
5  amendment would be futile."). The Court suspects that artful pleading can neither
6  change the nature of Plaintiff's suit nor give this Court the authority to grant him what
7  he seeks. To this point, the Court takes judicial notice[4] of a suit Plaintiff Lundy initiated
8  in 2008, against these same defendants, alleging essentially the same claims. (See
9  Compl. [Doc. # 1] at 2, Lundy v. Colmenero & Super. Ct., No. 08-CV-1153 [S.D. Cal.
10 filed Jun. 27, 2008] ["Through this Case No. ED 59506, Superior Court Judges have
11 abused their authority on the bench by allowing violations of Court Orders."]; id. ["the
12 Joinder also[] had violated Court Orders by retaining the minor child [sic], when Court
13 Orders stated they should have informed or called the other parent (Respondent)"].)
14 Plaintiff's previous federal lawsuit was dismissed by United States District Judge Jeffrey
15 T. Miller on the grounds that Plaintiff failed both to state a claim on which relief may be
16 granted and to set forth a sufficient basis for federal jurisdiction. (Order [Doc. # 7],
17 Lundy v. Colmenero & Super. Ct., No. 08-CV-1153.) Despite multiple opportunities to
18 amend his federal pleadings to allege facts that support a federal claim, Plaintiff Lundy
19 has repeatedly failed to do so.

20

---

21     [3] The Court notes that Plaintiff does not assert federal jurisdiction on the basis of
22 diversity jurisdiction. See generally 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum
23 or value of $75,000 exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3)
24 citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state … as plaintiff and citizens of a State or of
25 different States.").

26     [4] See Fed. R. Evid. Rule 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial
27 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Rule 201(c) ("A court
28 may take judicial notice, whether requested or not").

However, the Court is mindful that it must freely grant leave to amend, Fed. R. Civ. P. Rule 15(a)(2), and explore less drastic alternatives before dismissing an action with prejudice. See, e.g., Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("In reviewing the propriety of dismissal under [Federal Rule of Civil Procedure Rule] 41(b) we should look to see whether the district court might have first adopted other less drastic alternatives. These less drastic alternatives including allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel.") (internal citation omitted).

Nevertheless, the Court admonishes Plaintiff that it will not tolerate further attempts to federalize state-court claims. Failure to file an amended pleading that sets forth a proper basis for the Court to exercise its federal subject-matter jurisdiction may subject this action to dismissal with prejudice.

### IV.

### CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff choose to file a second amended complaint, he must do so on or by *March 25, 2011*.

**IT IS SO ORDERED.**

Dated: February 15, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE