FILED
11 APR 15 AM 10: 25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LUNDY, Plaintiff, v. COLMENEROS; SAN DIEGO SUPERIOR COURT; et al., Defendants. | CASE NO. 11-cv-0110 BEN (JMA) ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE |

Upon its third *sua sponte* review, the Court finds Plaintiff's complaint to be fatally defective and, therefore, dismisses the action with prejudice.

Through the pleadings filed by Plaintiff, it is apparent that Plaintiff's grievances are based on the issuance and enforcement of an order from San Diego Superior Court regarding the custody of his daughter. Plaintiff claims that, in depriving him custody of his daughter, Defendants are violating his Fourteenth Amendment right to be free from discrimination based on race, gender, religion, age, ethnicity and physical disability. Based thereon, Plaintiff asserts a claim under 42 U.S.C. § 1983.

As explained in the Court's January 27, 2011 order, to state a claim under Section 1983, Plaintiff must sufficiently allege, among other things, that Defendants engaged in the alleged misconduct while acting under color of state law. (Docket No. 4 at 3.) Here, however, Plaintiff's Second Amended Complaint, similar to his initial complaint and First Amended Complaint, fails to include any allegation that Defendants Colmeneros acted under color of state law. Accordingly, the Court finds that Plaintiff fails to state a claim against Defendants Colmeneros.

As to Defendant Superior Court, and as the Court previously explained in the January 27, 2011 order, the Eleventh Amendment of the U.S. Constitution renders state entities immune from tort actions for damages. U.S. Const. Amend. XI. The Eleventh Amendment also bars suits for injunctive relief where the defendant is the State itself, as opposed to a state official. *See Seminole Tribe of Florida*, 517 U.S. 44, 58 (1996); *Cory v. White*, 457 U.S. 85, 90-91 (1982). California Superior Courts, such as Defendant Superior Court in this case, have consistently been construed as state entities for purposes of Eleventh Amendment immunity. *Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, the Court finds that Plaintiff also fails to state a claim against Defendant Superior Court.

The Court also, for a third time, notes the lack of federal jurisdiction. Although Plaintiff baldly claims discrimination in violation of the Fourteenth Amendment, Plaintiff fails to include any factual allegations in support thereof. As explained in the Court's February 25, 2011 order, bald and conclusory allegations of an injury under federal law are not enough to maintain a federal action. *See Balisteri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Kennedy v. H&M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1979) ("A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions.").

The Court notes that it has twice granted leave to amend, and Plaintiff has twice failed to correct the deficiencies outlined above and in the Court's prior orders. (Docket Nos. 4, 6.) Plaintiff has been warned that failure to correct the deficiencies could lead to dismissal of the action with prejudice. (*Id.*) Under these circumstances, the Court believes it would be futile to grant Plaintiff another opportunity to amend and, accordingly, dismisses the action with prejudice. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

For the reasons set forth above, this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Date: April 13, 2011

Hon. Roger T. Benitez
United States District Court Judge